IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD ADAMS,
      Plaintiff,

vs.                         Case No.:  3:20cv3627/LAC/EMT

WARDEN C. MAIORANA,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronald Adams ("Adams"), an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, has filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1).

This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented in Adams' Complaint, it is the opinion of the undersigned that his Complaint should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

I.    STATUTORY SCREENING STANDARD

Because Adams is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines that Adams' Complaint fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  The allegations of the Complaint are taken as true and construed in the light most favorable to Adams.  *See Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted).  The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Where a complaint pleads facts that are merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation marks and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation marks and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

II.   ADAMS' ALLEGATIONS

Adams names C. Maiorana, the Warden of Blackwater River Correctional Facility, as the sole Defendant in this case (ECF No. 1 at 1–2).[1]  Adams states he wants to change his name to John Doe (*id.* at 4–5).  He states he was "blamed for something I did not do," and it "mentally messed me up" (*id.*).  Adams sues Warden Maiorana for violating the Bill of Rights and the Thirteenth, Fourteenth, and Fifteenth Amendments (*id.* at 4).  Adams requests the following relief, "My name to be changed to John Doe an [sic] to start life over" (*id.* at 5).

## III.    DISCUSSION

Adams appears to claim that Warden Maiorana denied his request to legally change his name, in violation of the Thirteenth, Fourteenth, and Fifteenth Amendments.  To start, the Thirteenth Amendment provides, "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction."  U.S. Const. amend. XIII, § 1.  Adams does not allege Warden Maiorana is forcing him to work, but even if Adams did, his allegation would not state a plausible constitutional claim.  *See Omasta v. Wainwright*, 696 F.2d 1304,

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original document.

1305 (11th Cir. 1983) (where prisoner was incarcerated pursuant to presumptively valid judgment and commitment order issued by court of competent jurisdiction and was forced to work pursuant to prison regulations or state statutes, Thirteenth Amendment's prohibition against involuntary servitude was not implicated).

Adams fares no better under the Fourteenth Amendment.  The Fourteenth Amendment provides in part, "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protections of the laws."  U.S. Const. amend. XIV, § 1.  Adams' Complaint does not mention any state law that Warden Maiorana violated, any deprivation of life, liberty, or property without due process, or the denial of equal protections of the laws. Furthermore, Warden Maiorana has no legal authority to grant Adams a legal name change.  Under Florida law, only Florida state courts have jurisdiction to change the name of any person residing in the state.  *See* Fla. Stat. § 68.07.[2]  Therefore, Adams cannot show that

---

[2] Adams is advised that if he was convicted of a felony after June 15, 1995, his civil rights have been suspended, *see* Fla. Stat. § 944.292(1), and he is not eligible for a legal name change. *See* Fla. Stat. § 68.07(2)(l); *see also Finfrock v. State*, 932 So. 2d 437, 438 (Fla. 4th DCA 2006).

Warden Maiorana violated his due process or equal protection rights by denying his request for a legal name change.

Adams' allegations also fail to state a claim under the Fifteenth Amendment. The Fifteenth Amendment states, "The right of citizens of the United States to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." U.S. Const. amend. XV, § 1. Adams alleges no facts remotely connected to voting or the denial of his right to vote based on race or any other reason. Therefore, his Fifteenth Amendment claim should be dismissed.

## IV.    CONCLUSION

Accepting Adams' factual allegations as true and liberally construing them in the light most favorable to Adams, he has not alleged facts which state a plausible federal claim against Warden Maiorana. Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Here, Adams' federal claims are unarguably without legal merit, and the pleading deficiency

Case No.:  3:20cv3627/LAC/EMT

cannot be cured by amendment.  Therefore, his claims should be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and § 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1.     That this case be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1); and

2.     That the clerk of court be directed to enter judgment accordingly and close the case.

**DONE AND ORDERED** this 19<u>th</u> day of March 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections must be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**